UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Webroot Inc., <br><br>　　　　　Plaintiff, <br><br>v. <br><br>Bright Cloud Technologies, Inc. <br><br>　　　　　Defendant, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br>Civil Action No. _____ <br><br>**JURY TRIAL REQUESTED** |

# COMPLAINT

Plaintiff, Webroot Inc., by way of complaint against Defendant Bright Cloud Technologies, Inc., states and alleges as follows:

## JURISDICTION AND VENUE

1. This case arises under the federal Trademark Act of 1946 ("the Lanham Act"), as amended, 15 U.S.C. §§ 1051 - 1127 and Georgia Law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367, as well as 15 U.S.C. § 1121.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

3. Webroot Inc. ("Webroot") is a Delaware corporation with a principal place of business at 385 Interlocken Crescent, Suite 800, Broomfield, Colorado 80021.

4. Upon information and belief, Defendant Bright Cloud Technologies, Inc. is a Georgia corporation with a principal place of business at 2030 Powers Ferry Rd. SE, Suite #520, Atlanta, Georgia 30339.

## WEBROOT'S BRIGHTCLOUD® MARK

5. Webroot is a market leader in cloud-based, real-time internet threat detection for consumers, businesses and enterprises. Webroot delivers real-time advanced threat intelligence to customers through its BRIGHTCLOUD® security intelligence platform. Over 7 million consumers, 1.5 million business users and 1.3 million mobile users are protected by Webroot. Market-leading security companies, including Palo Alto Networks, F5, Cisco, RSA, NetCitadel, GateProtect, Microsoft and others choose Webroot to provide advanced threat intelligence through their products and services.

6. Founded in 1997 and headquartered in Colorado, Webroot is the largest privately held internet security company in the United States – operating globally across North America, Europe and the Asia Pacific region.

7. Webroot is owner of U.S. Registration No. 3792106 for BRIGHTCLOUD® in association with "Computer services, namely, web filtering service" ("BRIGHTCLOUD® Mark.")  The BRIGHTCLOUD® Mark was filed on April 4, 2009 and registered on May 25, 2010. *See* Exhibit A.  Webroot filed Section 8 and Section 15 Affidavits on June 2, 2015. *See* Exhibit A.

8. Webroot began using the BRIGHTCLOUD® Mark in January 2008 in association with a number of computer goods and services.  These include goods and services that provide security, IT services, web filtering services, and threat intelligence services.

9. Webroot's openly promotes and advertises its BRIGHTCLOUD® Mark on its website, www.brightcloud.com ("Webroot's Brightcloud®Website"). In fact, a GOOGLE search of "brightcloud" returns Webroot's Brightcloud® Website as the first result.

10. Webroot has expended a substantial amount of money and effort in advertising and promoting its BRIGHTCLOUD® Mark. Webroot's substantial promotional, advertising, publicity, and public relations activities further promote the recognition and goodwill associated with the BRIGHTCLOUD® Mark.

11. Webroot's ownership of the BRIGHTCLOUD® Mark accords Webroot exclusive nationwide rights to the use of BRIGHTCLOUD® Mark for its goods and services, and the right to prevent others from using the BRIGHTCLOUD® Mark in association with these goods and services.

12. Webroot's BRIGHTCLOUD® Mark is incontestable. Webroot's incontestable BRIGHTCLOUD® Mark is evidence of the validity of the BRIGHTCLOUD® Mark and of the registration of the mark, of the Webroot's ownership of the BRIGHTCLOUD® Mark, and of the Webroot's exclusive right to use the BRIGHTCLOUD® Mark in commerce on or in connection with the goods or services. *See* 15 U.S.C. § 1065.

## BRIGHTCLOUD TECHNOLOGIES' INFRINGEMENT OF WEBROOT'S BRIGHTCLOUD® MARK

13. Bright Cloud Technologies is an information technology services company. Bright Cloud Technologies advertises that it offers a number of services, including voice and video services with conferencing and unified communications, customized virtual and physical server environments, remote and on-site desktop and network management, network security, firewall, unified threat management, web-based email, collaboration and management tools, file and document management storage and access, hardware as a services, software as a service,

comprehensive disaster recovery and business continuity plans, backup and restoration services, and websites, e-commerce and content management (the "BRIGHT CLOUD TECHNOLOGIES Mark.") These services are offered in association with the infringing BRIGHT CLOUD TECHNOLOGIES Mark.

14. Bright Cloud Technologies advertises these services on its website, located at brightcloudtechnologies.com (the "Bright Cloud Technologies Website").

15. The Bright Cloud Technologies Website is an interactive website that allows remote customers access to the services offered by Bright Cloud Technologies. The Bright Cloud Technologies Website allows a remote user to download various remote support tools, including the "Bright Cloud Root." The Bright Cloud Technologies Website also allows consumers to directly access its real time support services and chat sessions with Bright Cloud Technologies' representatives. The Bright Cloud Technologies Website is accessible by a national consumer base, all of which can access Bright Cloud Technologies support and chat services remotely, as well as gather information about Bright Cloud Technologies and technology services.

16. Upon information and belief, Bright Cloud Technologies began advertising its services on the Bright Cloud Technologies Website, in association with the BRIGHT CLOUD TECHNOLOGIES Mark, since on or around December 2014.

17. Upon information and belief, Bright Cloud Technologies recently changed its name from JPB Consulting, Inc. to Bright Cloud Technologies, Inc. on or about June 26, 2015.

18. On September 3, 2015, Webroot contacted Bright Cloud Technologies, alerting Bright Cloud Technologies of its infringement and requesting a phase out of Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark.

19. Since Webroot's original contact with Bright Cloud Technologies, Webroot has continuously reached out to Bright Cloud Technologies requesting cessation of its infringing use of the BRIGHT CLOUD TECHNOLOGIES Mark. Despite repeated attempts to resolve this matter, Bright Cloud Technologies continues to infringe Webroot's BRIGHTCLOUD® Mark.

20. The BRIGHT CLOUD TECHNOLOGIES Mark is confusingly similar to Webroot's BRIGHTCLOUD® Mark. The BRIGHT CLOUD TECHNOLOGIES Mark and the BRIGHTCLOUD® Mark incorporate the nearly identical terms BRIGHT CLOUD and BRIGHTCLOUD. The BRIGHTCLOUD® Mark and BRIGHT CLOUD TECHNOLOGIES Mark are used in association with identical and highly similar computer support, security, and management services.

21. Since at least as early as 2010, Bright Cloud Technologies has had constructive notice of Webroot's exclusive right to use the BRIGHTCLOUD® Mark for information technology services based on Webroot's federal registration of the BRIGHTCLOUD® Mark covering these services in Class 42.

22. Upon information and belief, prior to Bright Cloud Technologies' first use of the BRIGHT CLOUD TECHNOLOGIES Mark, Bright Cloud Technologies had reason to know of Webroot's use and registration of the BRIGHTCLOUD® Mark in association with information technology services.

23. Since at least as early as September 3, 2015, Bright Cloud Technologies has had actual knowledge of Webroot's use and registration of the BRIGHTCLOUD® Mark in association with information technology services.

24. Notwithstanding Bright Cloud Technologies' actual and/or constructive knowledge of Webroot's trademark rights in the BRIGHTCLOUD® Mark, Bright Cloud

Technologies began using the BRIGHT CLOUD TECHNOLOGIES Mark for the very same services.

25. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark in connection with various overlapping information technology services is likely to cause confusion by misleading consumers to believe, erroneously, that the information technology services offered by Bright Cloud Technologies are approved, provided, endorsed, and/or sponsored by Webroot or that Bright Cloud Technologies is an entity owned by or affiliated with Webroot.

26. Bright Cloud Technologies' conduct has caused, and will continue to cause, damage to the reputation and goodwill associated with the BRIGHTCLOUD® Mark.

27. Bright Cloud Technologies' continued infringement of Webroot's BRIGHTCLOUD® Mark is willful and intends to trade on the goodwill associated with Webroot's BRIGHTCLOUD® Marks.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

28. Webroot repeats and realleges paragraphs 1-27 above.

29. This cause of action arises under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127 and 15 U.S.C. §§ 1114, 1116 & 1117. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1338, as well as 15 U.S.C. § 1121.

30. Bright Cloud Technologies has used a mark confusingly similar to Webroot's BRIGHTCLOUD® Mark in connection with the advertising, promotion, and/or provision of its information technology services that are identical and/or highly related to those services offered by Webroot under its BRIGHTCLOUD® Mark in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods.

31. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark is likely to mislead and cause customers and/or the general public to believe that the Bright Cloud Technologies' services goods are provided by or under the authority of Webroot. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark infringes Webroot's rights in its federally registered BRIGHTCLOUD® Mark.

32. Webroot's goodwill in BRIGHTCLOUD® Mark will be irreparably harmed if Bright Cloud Technologies continues its actions.

33. Defendant's actions constitute trademark infringement under 15 U.S.C. § 1114.

34. Upon information and belief, Bright Cloud Technologies' actions were taken in willful, deliberate and intentional disregard to Webroot's rights.

35. Webroot has been damaged by the actions of Bright Cloud Technologies for which it has no adequate remedy at law, and Bright Cloud Technologies will continue to do so unless restrained and enjoined by this Court from further infringing the BRIGHTCLOUD® Mark and causing consumer confusion.

## COUNT II
## FEDERAL UNFAIR COMPETITION

36. Plaintiff repeats and realleges paragraphs 1-35 above.

37. The cause of action set forth herein arises under the Lanham Act of the United States, 15 U.S.C. § 1125(a).

38. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark in association with closely related information technology services to those offered by Webroot under its BRIGHTCLOUD® Mark, without the consent Webroot, is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Bright Cloud Technologies' services among purchasers and/or users of those goods. Bright Cloud

Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark infringes Webroot's rights in its federally registered mark BRIGHTCLOUD® Mark and Webroot's common law rights in its BRIGHTCLOUD® Mark. This conduct further constitutes unfair competition and false designation of origin.

39. Bright Cloud Technologies' acts constitute a willful false designation of origin and misrepresentation in violation of 15 U.S.C. § 1125(a).

40. Bright Cloud Technologies has inflicted damage and irreparable injury upon Webroot for which it has no adequate remedy at law, and Bright Cloud Technologies will continue to do so unless restrained and enjoined by this Court from further infringing the BRIGHTCLOUD® Marks, thereby confusing the public.

## COUNT III

### VIOLATION OF GEORGIA'S ANTI DILUTION STATUTE
### Ga. Code Ann. §10-1-451(b), *et seq.*

41. Plaintiff repeats and realleges paragraphs 1-40 above.

42. Bright Cloud Technologies' actions and infringement of Webroot's BRIGHTCLOUD® Mark violate Georgia's anti-dilution statute, as codified in Ga. Code Ann. § 10-1-451(b)(2012).

43. Bright Cloud Technologies' BRIGHT CLOUD TECHNOLOGIES Mark is highly similar to Webroot's distinctive BRIGHTCLOUD® Mark.

44. Bright Cloud Technologies' improper and unauthorized use of the BRIGHT CLOUD TECHNOLOGIES Mark dilutes Webroot's BRIGHTCLOUD® Mark by its unauthorized use of the BRIGHT CLOUD TECHNOLOGIES Mark for its services and on the Bright Cloud Technologies' Website, creating the public perception that Webroot's

BRIGHTCLOUD® Mark is used by different providers thereby blurring Webroot's BRIGHTCLOUD® Mark.

45. Bright Cloud Technologies' improper and unauthorized use of the BRIGHT CLOUD TECHNOLOGIES Mark dilutes Webroot's BRIGHTCLOUD® Mark by its unauthorized use of the BRIGHT CLOUD TECHNOLOGIES Mark for its services and on the Bright Cloud Technologies' Website, causing damage to Webroot's use of its BRIGHTCLOUD® Mark and diluting the distinctive quality of the BRIGHTCLOUD® Mark, thereby tarnishing Webroot's BRIGHTCLOUD® Mark.

46. Bright Cloud Technologies is profiting by its unlawful actions in Georgia and will continue to do so unless enjoined.

## COUNT IV
### GEORGIA UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES
### Ga. Code Ann. §23-2-55

47. Webroot repeats and realleges paragraphs 1-46 above.

48. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark in association with closely related information technology services to those offered by Webroot under its BRIGHTCLOUD® Mark, without the consent Webroot, is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Bright Cloud Technologies' services among purchasers and/or users of those goods. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark infringes Webroot's rights in its federally registered mark BRIGHTCLOUD® Mark and Webroot's common law rights in its BRIGHTCLOUD® Mark. This conduct further constitutes unfair competition and false designation of origin.

49. Bright Cloud Technologies had constructive and actual knowledge of Webroot's rights in its BRIGHTCLOUD® Mark.

50. The BRIGHT CLOUD TECHNOLOGIES Mark is highly similar to Webroot's BRIGHTCLOUD® Mark, used in association with highly similar if not identical information technology services, and is likely to cause consumer confusion that Bright Cloud Technologies is owned, sponsored, or endorsed by Webroot.

51. Bright Cloud Technologies' acts constitute a willful false designation of origin and misrepresentation in violation of the Georgia Uniform Deceptive Trade Practices Act.

52. Bright Cloud Technologies has inflicted damage and irreparable injury upon Webroot for which it has no adequate remedy at law, and Bright Cloud Technologies will continue to do so unless restrained and enjoined by this Court from further infringing the BRIGHTCLOUD® Marks, thereby confusing the public.

## COUNT V

### GEORGIA UNFAIR COMPETITION AND DECEPTIVE TRADE PRACTICES
### Ga. Code Ann. §10-1-370 to §10-1-375

53. Webroot repeats and realleges paragraphs 1-52 above.

54. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark in association with closely related information technology services to those offered by Webroot under its BRIGHTCLOUD® Mark, without the consent Webroot, is likely to cause confusion, to cause mistake, or to deceive as to the source or origin of Bright Cloud Technologies' services among purchasers and/or users of those goods. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark infringes Webroot's rights in its federally registered mark BRIGHTCLOUD® Mark and Webroot's common law rights in its

BRIGHTCLOUD® Mark.  This conduct further constitutes unfair competition and false designation of origin.

55. The BRIGHT CLOUD TECHNOLOGIES Mark is highly similar to Webroot's BRIGHTCLOUD® Mark, used in association with highly similar if not identical information technology services, and is likely to cause consumer confusion that Bright Cloud Technologies is owned, sponsored, or endorsed by Webroot.

56. Bright Cloud Technologies' acts constitute unfair competition in violation of the Georgia Uniform Deceptive Trade Practices Act.

57. Bright Cloud Technologies has inflicted damage and irreparable injury upon Webroot for which it has no adequate remedy at law, and Bright Cloud Technologies will continue to do so unless restrained and enjoined by this Court from further infringing the BRIGHTCLOUD® Marks, thereby confusing the public.

## COUNT VI

## GEORGIA COMMON LAW TRADEMARK INFRINGEMENT

58. Webroot repeats and realleges paragraphs 1-57 above.

59. Bright Cloud Technologies has used a mark confusingly similar to Webroot's BRIGHTCLOUD® Mark in connection with the advertising, promotion, and/or provision of its information technology services that are identical and/or highly related to those services offered by Webroot under its BRIGHTCLOUD® Mark in a manner which is likely to cause confusion, to cause mistake, or to deceive as to source or origin among purchasers and/or users of those goods.

60. Bright Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark is likely to mislead and cause customers and/or the general public to believe that the Bright Cloud Technologies' services goods are provided by or under the authority of Webroot.  Bright

Cloud Technologies' use of the BRIGHT CLOUD TECHNOLOGIES Mark infringes Webroot's common law rights in its BRIGHTCLOUD® Mark.

61. Webroot's goodwill in BRIGHTCLOUD® Mark will be irreparably harmed if Bright Cloud Technologies continues its actions.

62. Upon information and belief, Bright Cloud Technologies' actions were taken in willful, deliberate and intentional disregard to Webroot's rights.

63. Webroot has been damaged by the actions of Bright Cloud Technologies for which it has no adequate remedy at law, and Bright Cloud Technologies will continue to do so unless restrained and enjoined by this Court from further infringing the BRIGHTCLOUD® Mark and causing consumer confusion.

## JURY DEMAND

64. Webroot requests a trial by jury on all claims so triable asserted in this Complaint.

**WHEREFORE**, Webroot prays that the Court enter an Order:

A. Preliminarily and permanently enjoining and restraining Bright Cloud Technologies, and Bright Cloud Technologies' directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant:

1. from using in any way the BRIGHTCLOUD® Mark or any other marks confusingly similar to the BRIGHTCLOUD® MARK for Bright Cloud Technologies' goods or services;

2. from committing any acts of unfair competition and from creating a false designation of origin or a false description or representation with respect to Webroot's BRIGHTCLOUD® Mark;

3. from committing any acts of unfair competition by passing off or inducing or enabling others to sell or pass off services which are not Webroot's services goods as those of Webroot;

4. from using in any manner websites, URLs, packaging, labels, signs, literature, display cards, or other packaging, advertising, or promotional materials, or other materials related to Bright Cloud Technologies' services using Webroot's BRIGHTCLOUD® Mark and any other mark confusingly similar to Webroot's BRIGHTCLOUD® Mark;

5. from making any statements on promotional materials or advertising for the Bright Cloud Technologies' goods or services which are false or misleading as to source or origin; and

6. from committing any acts of deceptive or unlawful trade practices calculated to cause members of the trade or purchasing public to believe that Bright Cloud Technologies' goods or services are the those of Webroot, or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Webroot under the supervision or control of Webroot.

B. Requiring that the Defendant delivers up to Plaintiff any and all websites, URLs, containers, signs, packaging materials, printing plates, and advertising or promotional materials and any materials used in the preparation thereof, which in any way use or make reference to the BRIGHT CLOUD TECHNOLOGIES Mark or any term confusingly similar to Webroot's BRIGHTCLOUD® Mark pursuant to 15 U.S.C. §1118.

C. Requiring that Bright Cloud Technologies, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, files with the Court and serve upon the Webroot's counsel a written report under oath setting forth details of the manner

in which Bright Cloud Technologies has complied with the Court's order pursuant to paragraphs A - B above.

D.   Requiring Bright Cloud Technologies to account and pay over to Webroot all damages sustained by Webroot, Bright Cloud Technologies' profits attributable to its wrongful conduct, plus interest thereon, and for damages resulting from infringement of the BRIGHTCLOUD® Mark, from unfair competition or false designation of origin under the Lanham Act, and/or deceptive trade practices under Georgia law, that such damages be enhanced and trebled, pursuant to 15 U.S.C. §1117, Georgia law, or other applicable law.

E.   Awarding Webroot the costs of this suit and its reasonable attorney's fees in accordance with 15 U.S.C. §1117, Georgia law, and other applicable law.

F.   Awarding Webroot prejudgment and post-judgment interest as recoverable under statute and common law on all sums; and

G.   Awarding Plaintiff such other relief as the Court may deem just and proper.

Webroot Inc.

By its attorneys,

Dated:  December 8, 2015

*/s/ Jeffrey D. Blake*
Jeffrey D. Blake  (Atty Registration No. 253018)
**MERCHANT & GOULD P.C.**
191 Peachtree Street NE
Suite 3800
Atlanta, Ga 30303
Telephone (404) 954-5045
JBlake@merchantgould.com

        Peter Gergely
        (pro hac vice to be filed)
        **MERCHANT & GOULD P.C.**
        1801 California Street
        Suite 3300
        Denver, Colorado 80202
        Telephone (303) 357-1646
        PGergely@merchantgould.com

        Dana Jozefczyk
        (pro hac vice to be filed)
        **MERCHANT & GOULD P.C.**
        1801 California Street
        Suite 3300
        Denver, Colorado 80202
        Telephone (303) 357-1645
        DJozefczyk@merchantgould.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, a true and correct copy of the foregoing COMPLAINT was electronically filed with the Clerk of Court using the Court's electronic filing system, which will automatically send e-mail notification of such filing to the following attorneys of record:

    John W. Greenwald
    GARDNER GROFF GREENWALD & VILLANUEVA, PC
    2018 Powers Ferry Road
    Suite 800
    Atlanta, GA 30339
    *jgreenwald@gardnergroff.com*

This 8th day of December, 2015.

                                                */s/ Jeffrey D. Blake*
                                                Jeffrey D. Blake